■ PASARGAD CARPETS, INC., Appellant, v A & R REAL ESTATE, INC., Respondent. [707 NYS2d 409] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), entered July 12, 1999, which, after a nonjury trial, dismissed the complaint, required plaintiff to obtain an amended Certificate of Occupancy for the subject premises at 105 Madison Avenue, awarded defendant rent due through December 31, 1998, in the sum of $134,245.94 plus interest in the amount of $6,421.40, awarded defendant additional costs and disbursements in the amount of $700, and ordered plaintiff to pay the total judgment amount within five days, and, on failure to do so, authorized the Sheriff to remove plaintiff from the subject premises and to place defendant in possession thereof, unanimously modified, on the facts, to vacate that portion of the judgment authorizing the Sheriff to remove plaintiff from the subject premises and to place defendant in possession upon plaintiff's failure to pay the total judgment amount within five days and to direct that the escrow established to pay the judgment be released to defendant, and otherwise affirmed, without costs.

The complaint was properly dismissed. Plaintiff, pursuant to the clear provisions of the lease, was exclusively responsible for obtaining amendment of the certificate of occupancy. Plaintiff failed to demonstrate that these provisions were modified, either by oral agreement or by the Notice of Default defendant served on plaintiff, to shift this responsibility to defendant. In addition, plaintiff's claim that it was prevented from obtaining an amended certificate of occupancy due to defendant's refusal to construct a secondary means of egress from the basement is without merit, since plaintiff never established that the construction of a secondary means of egress was necessary to amend the certificate of occupancy. Also without merit is plaintiff's claim that defendant was required to remove asbestos from the basement since plaintiff never established

through credible or competent evidence the presence of any asbestos in the basement. Finally, the trial court's determination that plaintiff had not sustained its burden of proof concerning damages allegedly sustained due to the scaffolding erected by defendant has ample basis in the record, and should not be disturbed.

We modify solely to the extent of vacating that part of the judgment which authorized a warrant of eviction if the judgment was not satisfied within 5 days of its service with notice of entry. Although plaintiff did not, in connection with its appeal, obtain a stay of the judgment until the sixth day following service of the judgment with notice of entry, good cause has been shown to avoid the leasehold forfeiture that would result if we were to affirm the judgment in toto (see, RPAPL 749 [3]). Plaintiff's delay in obtaining the stay of the judgment was minimal and, in accordance with the terms of the order staying the judgment pending plaintiff's appeal, which we note appears to have been taken and prosecuted in good faith, plaintiff has placed the full amount of the judgment in escrow with defendant's attorney and has made monthly payments of use and occupancy. Under all the circumstances, a just resolution of the parties' dispute requires no more than satisfaction of the money judgment in defendant's favor by release to defendant of the funds escrowed with its attorney. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ.